[No. 1428.]
CURTIS v. THE CITY OF PUEBLO.

1. LIMITATION—PLEADING—PRACTICE.
The statute of limitation may not be pleaded by an amendment to the answer after the issues have been made up.
2. OPINION FOLLOWED.
Following the opinion in the case of *The Shutt Investment Co. v. The City of Pueblo*, ante, p. 432 this case is reversed.

*Error to the District Court of Pueblo County.*

Messrs. ARRINGTON & McALINEY, and Mr. JOHN M. WALDRON, for plaintiff in error.

Mr. E. E. HUBBELL, Mr. M. J. GALLIGAN and Mr. S. H. WHITE, for defendant in error.

BISSELL, J., delivered the opinion of the court.

This is a suit by the plaintiff in error against the city of Pueblo to recover damages for the injuries done to his property by the construction of the viaduct on C street. The case is precisely the same on all material questions as that of the Shutt Investment Company. Counsel agree that the record presents no other questions than those decided in the latter cause, and that the decision in the one case, our conclusions being as therein expressed, will necessarily be decisive of this. It is quite true there was no evidence introduced by the city and judgment was rendered on a nonsuit, the court holding that the plaintiff was not entitled to judgment on his award making proof of all other facts on which issue was taken. The amended answer presented no legitimate issue, because as we decided in *Owers v. The Olathe Silver Mining Co.*, 6 Colo. App. 1, the statute of limitations may not be pleaded as a defense by an amendment to the answer after the issues have

been made up.   With this question removed, it necessarily follows that the plaintiff was entitled to a judgment on his award unless the city was able to make out a defense by proof of the denials of the other allegations in the complaint.

Following the decision in the prior case, this judgment will be reversed.

*Reversed.*

Wilson, J., specially concurring.